UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| LOUIS EDWARD HILL | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Civil Action No. _____ |
| | ) | |
| CENTURY ARMS, INC., and | ) | **JURY TRIAL DEMANDED** |
| CENTURY INTERNATIONAL ARMS, | ) | |
| INC.; | ) | |
| | ) | |
| *Defendants.* | ) | |

## COMPLAINT

Plaintiff Louis Edward Hill brings this Complaint against Defendants Century Arms, Inc. ("Century Arms"), and Century International Arms, Inc. ("Century International") (collectively referred to hereafter as "Defendants"), and states as follows:

## INTRODUCTION

1.      Plaintiff, Louis Edward Hill ("Mr. Hill"), was catastrophically injured when a 9mm Canik TP9SF Elite model pistol ("the subject pistol") designed, manufactured, imported, marketed, distributed, and/or sold by Defendants fell, while in the holster, struck the ground, and fired. The subject pistol unintentionally discharged due to a safety defect which rendered the pistol unreasonably dangerous and unfit for its intended use. This safety defect is known as a "Drop-Fire Defect," whereby the pistol will fire if dropped. The Drop-Fire Defect allows the trigger to move rearward when the pistol is subjected to an impact or dropped. This safety defect will result in the pistol firing unexpectedly and against the intentions of the pistol's user.

2.     When the gun fired, Mr. Hill's hand was nowhere near the trigger. The gun was beyond Mr. Hill's reach when it fell, struck the ground, and fired. A defect in the design of the weapon's firing mechanism caused its automatic safety devices to fail. This defect allowed the pistol to fire even when the trigger was not pulled, causing Mr. Hill to suffer catastrophic injuries. This safety defect is the result of the inadequate design, manufacturing, and testing of the pistol by the Defendants.

3.     In filing this lawsuit, the Plaintiff does not wish or intend to disparage his or anyone's Second Amendment right to bear arms. Rather, Plaintiff seeks to hold the Defendants to account for designing, manufacturing, importing, marketing, distributing, and/or selling a pistol that is defective and unreasonably dangerous. Louis Edward Hill brings this action to recover for the catastrophic injuries caused when the subject pistol unintentionally discharged as a result of the safety defect referenced above.

## PARTIES

4.     Louis Edward Hill is an adult resident citizen of Loudon County, Tennessee.

5.     Defendant, Century Arms, Inc. ("Century Arms"), is a Vermont corporation with its principal place of business in Delray Beach, Florida. Said Defendant was doing business in the State of Tennessee at all times material hereto. The registered agent for service of process upon Century Arms, Inc., is Michael Sucher, who is located at 430 S. Congress Avenue, Suite 1A, Delray Beach, Florida 33445.

6.     Century Arms, Inc., imports firearms, including Canik pistols, into the United States.

7.     Defendant Century International Arms, Inc. ("Century International") is also a Vermont corporation with its principal place of business in Delray Beach, Florida. Said Defendant

was doing business in the State of Tennessee at all times material hereto. The registered agent for service of process upon Century International Arms Corporation is also Michael Sucher, who is located at 430 S. Congress Avenue, Suite 1A, Delray Beach, Florida 33445.

8. After Century Arms, Inc. imports firearms, including Canik pistols, into the United States, Century International Arms, Inc. then sells those imported firearms nationwide, including in the State of Tennessee.

9. Century Arms, Inc. and Century International Arms, Inc. do business and sell their products in the State of Tennessee and throughout the United States.

10. At the time Plaintiff's pistol was designed, manufactured, imported into the United States, marketed, distributed, and sold here in the United States, Defendants Century Arms, Inc. and Century International Arms, Inc. were part of a joint venture, or were otherwise affiliated entities, and as a result, Defendants are vicariously liable for the acts and omissions of each other.

## JURISDICTION AND VENUE

11. Plaintiff is a citizen of the State of Tennessee. Defendant Century Arms, Inc. is a Vermont corporation with its principle place of business in the State of Florida. Defendant Century International Arms, Inc. is a Vermont corporation with its principle place of business in the State of Florida. The amount in controversy, without interest and costs, exceeds the sum of the value specified by 28 U.S.C. § 1332.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 given that a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in this judicial district. Plaintiff is a Tennessee resident who purchased the pistol at issue in Tennessee. The incident giving rise to the Plaintiff's claims occurred in Tennessee. Additionally, Tennessee is the location of most

of the evidence, witnesses, scene of the incident, police reports, medical treatment, and medical records.

13.     Most importantly, Defendants have conceded that jurisdiction is proper in Tennessee, that Tennessee is an adequate forum, and that this filing is timely under Tennessee law. (Ex. 1 – Mem. of Law in Supp. of Defs. Century Arms, Inc.'s Mot. to Dismiss, at p. 5). On February 12, 2020, Plaintiff originally filed this action in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida. (Ex. 2 – Plaintiff's Original Compl). Subsequently, Defendants moved to dismiss the Plaintiff's Complaint based on a *forum non conveniens* defense and stated, "[t]he undersigned defendants [Century Arms and Century International] are acknowledging that Tennessee is an appropriate forum and that service of process will be accepted as of the date of the filing in this case (i.e., February 12, 2020)." (Ex. 1 – Mem. of Law in Supp. of Defs. Century Arms, Inc.'s Mot. to Dismiss, at p. 11).

14.     Defendants additionally argued in the original action that if the case were dismissed in Florida, Plaintiff could re-file in Tennessee and his claims would be timely filed under Tennessee law. (*Id*.). Defendants cited Tennessee's savings statute and stated as follows: "if an 'action is commenced within the time limited by a rule or statute of limitation, but judgment or decree is rendered against the plaintiff on any ground not concluding the plaintiff's right of action,' then the plaintiff may refile the action within one year, even if the statute of limitations on the claim has since run, Tenn. Code Ann. § 28-1-105(a)." (*Id*., at p. 11).

15.     The Florida court dismissed the Plaintiff's complaint on the basis of *forum non conveniens* holding that Tennessee was a more adequate forum and that Plaintiff could reinstate his suit in Tennessee without undue inconvenience or prejudice. (Ex. 3 – Order on Defs. Century

4

Arms, Inc.'s Motion to Dismiss, at p. 2). Accordingly, the instant Complaint is timely filed under Tennessee law.

**FACTS**

### A. *General Allegations*

16.     Defendants Century Arms and Century International, at all times material hereto, either personally or through an agent or representative:

      a.  Operated, conducted, engaged in or carried on a business venture in Florida, Tennessee, and the United States, and had an office or agency in this State or in this country; and

      b.  Were engaged in the solicitation and performance of service activities within the State; and

      c.  Delivered products to this state, including the subject firearm, in the ordinary course of commerce, trade, or use; and

      d.  Were engaged in substantial and not isolated activity within the State; and

      e.  Committed acts which subject Defendants to the jurisdiction of the courts of this State.

17.     The Defendants designed, inspected, tested, developed, manufactured, marketed, advertised, distributed, and/or sold the subject pistol, a 9mm Canik TP9SF Elite model pistol, serial number T6472-16 BH 01998 (the "pistol"), that caused the catastrophic injuries of Louis Hill.

18.     The Defendants caused the subject pistol to be distributed and sold in various states within the United States, including the State of Tennessee, where Louis Hill resides.

19.     The Defendants expected the pistol to reach the user, including the Plaintiff, in substantially the same condition it was in when it was manufactured and when it left the custody and control of Defendants, or their agents and representatives.

20.     The subject pistol did indeed reach the Plaintiff in substantially the same condition it was in when it was imported, sold, and/or distributed by the Defendants.

5

**B.** *Background on the Safety Defect*

21.     The Defendants specifically designed, manufactured, marketed, and sold the subject pistol as having multiple safety devices.

  a.  The "Firing Pin Block" is designed to prevent the firing pin from going forward and striking the primer and is engaged until the trigger is in its final rearward position.

  b.  The "Trigger Safety" is an external mechanism designed to prevent the rearward movement of the trigger unless it is fully depressed, thereby preventing unintended discharge of the pistol.

22.     Louis Hill purchased the subject pistol in Loudon County, Tennessee.

23.     Mr. Hill purchased the pistol in reliance upon these safety devices.

24.     Mr. Hill purchased the pistol and maintained it in a condition which was without substantial change from the condition it was in when it left the custody and control of the Defendants or their agents and representatives.

25.     The design of the pistol as described is defective and as a result there is no effective safety device to prevent an unintended discharge, even when the trigger is inaccessible, if the firearm is dropped. This is known as a "Drop-Fire Defect."

**C.** *The Unintended Discharge – Facts Related to Louis Hill's Drop-Fire*

26.     Mr. Hill owns a TP9SF Elite 9mm striker-fired semi-automatic pistol, serial number T6472-16 BH 01998, which was designed, manufactured, marketed, imported, sold, and/or distributed by the Defendants. Mr. Hill purchased the subject pistol on November 28, 2017 from "Big Daddy's Gun Store" in Loudon, Tennessee. The subject pistol came with a hard-shell case, owner's manual, and a hard-plastic holster.

27.     The unintended discharge that injured Mr. Hill happened on the morning of February 25, 2019 as he was leaving for work. That morning, Mr. Hill walked out to his garage

6

with a cup of coffee in his right hand and his backpack over his left shoulder. Mr. Hill was carrying the subject pistol in the holster in his left hand. At all times material hereto, the trigger of the subject pistol was made inaccessible by the hard-plastic holster.

28.     As Mr. Hill was placing the backpack on his left shoulder into his vehicle, the subject pistol was dropped while still in the hard-plastic holster. When the subject pistol struck the floor of Mr. Hill's garage it fired and discharged a bullet that struck Mr. Hill in his left lower leg. The bullet shattered Mr. Hill's left tibia causing severe injury.

29.     As a result of the Drop-Fire Defect and subsequent unintended discharge, Plaintiff suffered extensive tissue, bone, nerve, and muscle damage from the 9mm bullet, which required extensive hospitalization and medical procedures. This has left Mr. Hill with permanent physical damage and a pronounced limp he will have for the rest of his life.

## COUNT I
## NEGLIGENCE OF ALL DEFENDANTS

30.     Plaintiff restates all of the preceding allegations as if fully restated herein.

31.     At all times material, Defendants owed a duty of reasonable care to Plaintiff and to other foreseeable users of the subject pistol to design, equip, manufacture, import, sell, distribute, and market the pistol in a manner safe for its foreseeable users.

32.     Defendants negligently breached their duties of care to Plaintiff in one or more of the following ways:

> a.     Failing to properly design, equip, and manufacture the subject pistol with safety devices which performed in accordance with the owner's operator manual instructions and within the reasonable expectations of the ordinary user and consumer, including Louis Hill;
>
> b.     Failing to properly design, equip, and manufacture the subject pistol's safety devices and systems;
>
> c.     Designing and manufacturing a defective Firing Pin Block;

7

d.	Designing and manufacturing a defective trigger;

e.	Designing and manufacturing a defective Trigger Safety;

f.	Designing and manufacturing defective safety devices and systems for the pistol;

g.	Designing and manufacturing a pistol that would discharge without pulling the trigger;

h.	Designing and manufacturing a pistol that would discharge if dropped;

i.	Failing to employ available alternative designs which would have prevented the subject pistol from discharging as it did and injuring Louis Hill;

j.	Failing to use and apply good, safe, usual, prevailing, and reasonable engineering principles and standards in designing, equipping, manufacturing, marketing, and distributing the subject pistol;

k.	Failing to take adequate corrective action or preventative action;

l.	Failing to create and provide clear operational and safety instructions, manuals, warnings, and literature;

m.	Failing to adequately design, manufacture, test, and monitor the subject model pistol;

n.	Failing to properly test the subject firearm to ensure it would not fire without the trigger being pulled, or if dropped, when the firearm was imported into the United States;

o.	Failing to warn of all of the above.

33.	As a result of this breach of the Defendants' duty of care, the pistol poses an unreasonable risk of injury to users when the pistol is being used as it was intended and as an ordinary user would expect, and therefore it is not safe or suitable for its intended purpose.

34.	As a direct and proximate cause of Defendants' negligence, Louis Hill was catastrophically injured.

35. As a direct and proximate result of the Defendants' conduct described herein, Plaintiff has suffered harm therefrom, including harm and injuries, physical and mental pain and suffering, medical bills associated with the injuries sustained, lost wages, and all other damages allowable under Tennessee law.

36. Therefore, Plaintiff requests that this Court enter judgment against Defendants for damages, plus costs, such interest and any other damages as may be allowed by law and demands a trial by jury of all issues so triable.

## COUNT II
## STRICT LIABILITY – MANUFACTURING DEFECT
## ALL DEFENDANTS

37. Plaintiff restates all of the preceding allegations as if fully restated herein.

38. Any distributor, importer, or seller in the chain of distribution is liable for injury caused by a defective product. Defendants were engaged in the business of designing, manufacturing, testing, inspecting, importing, distributing and selling firearms, and did in fact, design, manufacture, test, inspect, distribute, import, sell and place into the stream of commerce the subject pistol, knowing and expecting that the pistol would be used by consumers and members of the public.

39. A product is unreasonably dangerous because of a manufacturing defect if the product is different from its intended design and fails to perform as safely as the intended design would have performed.

40. A product is defective because of a manufacturing defect if it is in a condition unreasonably dangerous to the user and the product is expected to and reaches the user without substantial change affecting that condition.

9

41.     A product is defective if unreasonably dangerous even if the defendant has exercised all possible care in the preparation and sale of the product.

42.     Defendants designed, tested, developed, manufactured, marketed, advertised, imported, distributed, and sold the subject pistol in a defective condition that is unreasonably dangerous to the user who utilized it as Defendants expected it to be used and as it was used by Louis Hill.

43.     Among the defects in the subject pistol is its propensity to fire while safety devices are properly activated and engaged in accordance with the Defendants' instruction manual. The pistol may discharge even when the Firing Pin Block and the Trigger Safety are all activated, even when the trigger is not pulled.

44.     The subject pistol is defective because of the manufacturing defect (i.e. the above described safety defects) as it was different from its intended design and failed to perform as safely as the intended design would have performed.

45.     Because of this manufacturing defect (i.e. the above described safety defects) the subject pistol was in a condition that posed an unreasonable risk of injury to users, including Louis Hill, when the pistol was used as it was intended and as an ordinary user would expect, and therefore the pistol is not safe or suitable for its intended purpose.

46.     Louis Hill used the pistol as it was intended to be used.

47.     Louis Hill used the pistol as an ordinary user would have expected it to be used.

48.     Louis Hill used the subject pistol in a reasonably foreseeable manner.

49.     Louis Hill did not misuse or tamper with the product.

10

50.     The subject pistol was defective and unreasonably dangerous when it was sold by Defendants, and at the time it left Defendants' possession and control. The pistol was expected and did reach the Plaintiff without substantial change affecting this condition.

51.     Prior to February 25, 2019, Louis Hill had no knowledge of the defective condition of the subject pistol, and had no reason to suspect that the pistol was unreasonably dangerous or did not function according to its intended design prior to the unexpected discharge of the pistol.

52.     The defective condition of the subject pistol was the proximate and sole cause of Louis Hill's catastrophic injuries.

53.     As a direct and proximate result of the Defendants' conduct described herein, Plaintiff has suffered harm therefrom, including harm and injuries, physical and mental pain and suffering, medical bills associated with the injuries sustained, lost wages, and all other damages allowable under Tennessee law.

54.     Therefore, Plaintiff requests that this Court enter judgment against Defendants for damages, plus costs, such interest and any other damages as may be allowed by law and demands a trial by jury of all issues so triable.

## COUNT III
## STRICT LIABILITY – DESIGN DEFECT
## ALL DEFENDANTS

55.     Plaintiff restates all of the preceding allegations as if fully restated herein.

56.     Any distributor, importer, or seller in the chain of distribution is liable for injury caused by a defective product. Defendants were engaged in the business of designing, manufacturing, testing, inspecting, importing, distributing and selling firearms, and did in fact, design, manufacture, test, inspect, import, distribute, sell and place into the stream of commerce

the subject pistol, knowing and expecting that the pistol would be used by consumers and members of the public.

57.     A product is defective because of a design defect if it is in a condition that is unreasonably dangerous to the user and the product is expected to and reaches the user without substantial change affecting that condition.

58.     A product is unreasonably dangerous because of its design if the product fails to perform as safely as an ordinary user would expect when used as intended or when used in a manner reasonably foreseeable by the Defendants, or alternatively, the risk of danger outweighs the benefits.

59.     A product is defective if unreasonably dangerous even if the defendant has exercised all possible care in the preparation and sale of the product.

60.     Defendants designed, tested, developed, manufactured, marketed, advertised, imported, distributed, and sold the subject pistol in a defective condition that is unreasonably dangerous to the user who utilized it as Defendants expected it to be used and as it was used by Louis Hill on February 25, 2019.

61.     Among the defects in the subject pistol is its propensity to fire while safety devices are properly activated and engaged in accordance with the Defendants' instruction manual. The pistol may discharge even when the Firing Pin Block and the Trigger Safety are all activated, even when the trigger is not pulled, if the firearm is dropped.

62.     Defendants knew, or in the exercise of reasonable care and investigation should have known, of the subject pistol's propensity to unexpectedly discharge even when safety devices were activated and engaged.

63.     The subject pistol is defective because of the design defect (i.e. the above described safety defects) and was in a condition that posed an unreasonable risk of injury to users, including Louis Hill, when the pistol was used as it was intended and as an ordinary user would expect, and therefore it is not safe or suitable for its intended purpose.

64.     Louis Hill used the pistol as it was intended to be used.

65.     Louis Hill used the pistol as an ordinary user would have expected it to be used.

66.     Louis Hill used the subject pistol in a reasonably foreseeable manner.

67.     Louis Hill did not misuse the product.

68.     Louis Hill did not alter or tamper with the product.

69.     The subject pistol is defectively designed because the risks of danger inherent in the design outweigh the benefits.

70.     The subject pistol was defective and unreasonably dangerous when it was sold by Defendants, and at the time it left Defendants' possession and control. The pistol was expected and did reach Louis Hill without substantial change affecting this condition.

71.     Prior to February 25, 2019, Louis Hill had no knowledge of the defective condition of the subject pistol and had no reason to suspect that the pistol was unreasonably dangerous prior to the unexpected discharge of the pistol.

72.     The defective condition of the subject pistol was the proximate and sole cause of Louis Hill's catastrophic injuries.

73.     As a direct and proximate result of the Defendants' conduct described herein, Plaintiff has suffered harm therefrom, including harm and injuries, physical and mental pain and suffering, medical bills associated with the injuries sustained, lost wages, and all other damages allowable under Tennessee law.

13

74.     Therefore, Plaintiff requests that this Court enter judgment against Defendants for damages, plus costs, such interest and any other damages as may be allowed by law and demands a trial by jury of all issues so triable.

**COUNT IV**
**STRICT LIABILITY FAILURE TO WARN—ALL DEFENDANTS**

75.     Plaintiff restates all of the preceding allegations as if fully restated herein.

76.     A product is defective when the foreseeable risks of harm posed by the product could have been reduced or avoided by the provision of reasonable instructions or warnings and the failure to provide those instructions or warnings makes the product unreasonably dangerous.

77.     A product is defective if it is unreasonably dangerous even if Defendants have exercised all possible care in the preparation and sale of the product, and that product is then placed into the hands of consumers without appropriate warnings of its danger.

78.     At all times material, Defendants had actual or constructive notice that the subject pistol and others of that product line were defective in that the pistol would unintentionally discharge despite having the safety features engaged, including the Firing Pin Block and Trigger Safety.

79.     Defendants were or should have been aware of other instances where pistols of the same and similar design and model of the subject pistol had unintentionally discharged without the trigger being pulled.

80.     Louis Hill operated the subject pistol in a reasonable and foreseeable manner.

81.     Louis Hill did not misuse the product.

82.     Louis Hill did not alter or tamper with the product.

83.     Louis Hill had no knowledge of any defective conditions with respect to the subject pistol, its safety devices, or its propensity for unintentional discharged while safety mechanisms were supposedly activated or engaged.

84.     Louis Hill had no reason whatsoever to know or suspect that the pistol was unreasonably dangerous to him and could unintentionally discharge with these safety devices activated when the pistol was being used in its intended manner.

85.     The above-described safety defects were not well known to ordinary consumers. Consumers relied on Defendants' representations, including those made in the pistol's owner's manual, that the safety devices worked and would prevent the pistol from unintentionally discharging when the trigger was not pulled.

86.     The foreseeable risks of harm from this defect could have been reduced or avoided if the Defendants had provided reasonable instructions or warnings. The Defendants' failure to provide these instructions or warnings render the subject pistol defective.

87.     Defendants did not give appropriate warnings to Louis Hill of the subject pistol's propensity to unintentionally discharge without pulling the trigger.

88.     Defendants failed to warn Louis Hill and other users and consumers of the dangerous condition of the subject pistol and pistols of the same model, design, and manufacture.

89.     Defendants failed to warn Louis Hill that the subject pistol could discharge without touching the trigger even with the Firing Pin Block engaged.

90.     Defendants failed to warn Louis Hill that the subject pistol could discharge without touching the trigger even with the Trigger Safety incorporated into its design.

91.     Defendants failed to warn users of the subject pistol and users of the same and similarly defective models and designs of the potential danger created by the safety defect.

92.     Defendants failed to correct the safety defects in the pistol's design and manufacture and to correct the dangerous condition of the subject pistol.

93.     As a result of this failure to warn, the pistol was defective, as it poses an unreasonable risk of injury to users when the pistol is being used as it was intended and as an ordinary user would expect, and therefore it is not safe or suitable for its intended purpose.

94.     As a direct and proximate cause of the Defendants' failure to warn Louis Hill of the propensity of the subject pistol to discharge with the safety devices engaged, as described above, he was catastrophically injured.

95.     As a direct and proximate result of the Defendants' conduct described herein, Plaintiff has suffered harm therefrom, including harm and injuries, physical and mental pain and suffering, medical bills associated with the injuries sustained, lost wages, and all other damages allowable under Tennessee law.

96.     Therefore, Plaintiff requests that this Court enter judgment against Defendants for damages, plus costs, such interest and any other damages as may be allowed by law and demands a trial by jury of all issues so triable.

## <u>COUNT V</u>
## <u>NEGLIGENT FAILURE TO WARN – ALL DEFENDANTS</u>

97.     Plaintiff restates all of the preceding allegations as if fully restated herein.

98.     Reasonable care on the part of Defendants requires that Defendants give appropriate warnings about risks of the product which Defendants knew or should have known are involved in its reasonably foreseeable use.

99.     At all times material, Defendants had actual or constructive notice that the subject pistol and others of that product line were defective in that the pistol would unintentionally

discharge despite having the safety features engaged, including the Firing Pin Block and Trigger Safety.

100. Defendants' knowledge of the defects in the pistol was superior to that of the Plaintiff's or other users and consumers.

101. Defendants were or should have been aware of other instances where pistols of the same and similar design and model of the subject pistol had unintentionally discharged without the trigger being pulled.

102. Plaintiff had no knowledge of any defective conditions with respect to the subject pistol, its safety devices, or its propensity for unintentional discharged while safety mechanisms were supposedly activated or engaged.

103. Plaintiff operated the subject pistol in a reasonable and foreseeable manner.

104. Plaintiff had no reason whatsoever to know or suspect that the pistol was unreasonably dangerous to him and could unintentionally discharge with these safety devices activated when the pistol was being used in its intended manner.

105. Defendants owed a duty of reasonable care to Louis Hill to warn of the above described dangerous and defective conditions. The failure to warn made the subject pistol unreasonably dangerous to Louis Hill and other users and consumers.

106. The foreseeable risks of harm from this defect could have been reduced or avoided if the Defendants had provided reasonable instructions or warnings. The Defendants' failure to provide these instructions or warnings render the subject pistol defective.

107. Defendants did not give appropriate warnings to Plaintiff of the subject pistol's propensity to unintentionally discharge without pulling the trigger.

17

108.    Defendants breached their duty of care to Louis Hill by failing to warn the Plaintiff and other users and consumers of the dangerous condition of the subject pistol and pistols of the same model, design, and manufacture.

109.    Defendants negligently failed to warn the Plaintiff that the subject pistol could discharge without touching the trigger even with the Firing Pin Block engaged.

110.    Defendants negligently failed to warn the Plaintiff that the subject pistol could discharge without touching the trigger even with the Trigger Safety incorporated into its design.

111.    Defendants failed to act reasonably and expeditiously to warn users of the subject pistol and users of the same and similarly defective models and designs of the potential danger created by the safety defect.

112.    Defendant failed to act reasonably and expeditiously to correct the safety defects in the pistol's design and manufacture and to correct the dangerous condition of the subject pistol.

113.    As a result of this failure to warn, the pistol was defective, as it poses an unreasonable risk of injury to users when the pistol is being used as it was intended and as an ordinary user would expect, and therefore it is not safe or suitable for its intended purpose.

114.    As a direct and proximate cause of the Defendants' failure to warn the Plaintiff of the propensity of the subject pistol to discharge with the safety devices engaged, as described above, Louis Hill was catastrophically injured.

115.    As a direct and proximate result of the Defendants' conduct described herein, Plaintiff has suffered harm therefrom, including harm and injuries, physical and mental pain and suffering, medical bills associated with the injuries sustained, lost wages, and all other damages allowable under Tennessee law.

116.     Therefore, Plaintiff requests that this Court enter judgment against Defendants for damages, plus costs, such interest and any other damages as may be allowed by law and demands a trial by jury of all issues so triable.

## COUNT VI
## VICARIOUS LIABILITY (Joint Venture)

117.     Plaintiff restates all of the preceding allegations as if fully restated herein.

118.     At all times material to the allegations and claims in this Complaint, Century Arms and Century International were engaged in a joint venture in the design, manufacture, importation, distribution, and/or sale of firearms throughout the United States; with a joint control or joint right of control over the design, manufacture, importation, distribution, and/or sale of firearms; a joint proprietary interest over the design, manufacture, importation, distribution, and/or sale of firearms; a joint right to share in the profits from the design, manufacture, importation, distribution, and/or sale of firearms; and a joint duty to share in the losses from the design, manufacture, importation, distribution, and/or sale of firearms.

119.     As discussed *supra*, Defendants breached the duty of care to Plaintiff in one or more of the following ways:

a.      failing to use and apply good, safe, usual, prevailing, and reasonable principles and standards in importing, testing, inspecting, marketing, distributing, and/or selling Mr. Hill's Pistol;

b.      failing to take adequate corrective action or preventive action;

c.      failing to create and provide clear operational and safety instructions, manuals, warnings, and literature;

d.      failing to warn Mr. Hill and the public of the Defect;

e.      failing to warn Mr. Hill and the public that these Defendants did not inspect or test the pistols before the pistols were distributed; and

f.      failing to warn of all the above.

19

120.    As a direct and proximate result of the aforementioned acts or omissions of Defendants, Mr. Hill was catastrophically injured.

121.    Because of their joint venture, Defendants are vicariously liable for all injuries, damages, and losses that resulted from their aforementioned acts or omissions.

122.    As a direct and proximate result of the Defendants' conduct described herein, Plaintiff has suffered harm therefrom, including harm and injuries, physical and mental pain and suffering, medical bills associated with the injuries sustained, lost wages, and all other damages allowable under Tennessee law.

123.    Therefore, Plaintiff requests that this Court enter judgment against Defendants for damages, plus costs, such interest and any other damages as may be allowed by law and demands a trial by jury of all issues so triable.

## COUNT VII
## VICARIOUS LIABILITY (Actual Agency)

124.    Plaintiff restates all of the preceding allegations as if fully restated herein.

125.    At all times material to the allegations and claims in this Complaint, Century Arms acted as principal to Century International.

126.    At all times material to the allegations and claims in this Complaint, Century International was an agent of Century Arms as it acted on behalf of and/or under the control of Century Arms.

127.    As discussed *supra*, Defendants, breached the duty of care to Plaintiff in one or more of the following ways:

    a.    failing to use and apply good, safe, usual, prevailing, and reasonable principles and standards in importing, testing, inspecting, marketing, distributing, and/or selling Mr. Hill's Pistol;

20

b.      failing to take adequate corrective action or preventive action;

c.      failing to create and provide clear operational and safety instructions, manuals, warnings, and literature;

d.      failing to warn Mr. Hill and the public of the Defect;

e.      failing to warn Mr. Hill and the public that these Defendants did not inspect or test the pistols before the pistols were distributed; and

f.      failing to warn of all the above.

128.    As a direct and proximate result of the aforementioned acts or omissions of Defendants, Louis Hill was catastrophically injured.

129.    Because of their extensive and continuous control over Defendant Century International, Defendant Century Arms is vicariously liable for all injuries, damages, and losses that resulted from the aforementioned acts or omissions of Century International.

130.    As a direct and proximate result of the Defendants' conduct described herein, Plaintiff has suffered harm therefrom, including harm and injuries, physical and mental pain and suffering, medical bills associated with the injuries sustained, lost wages, and all other damages allowable under Tennessee law.

131.    Therefore, Plaintiff requests that this Court enter judgment against Defendants for damages, plus costs, such interest and any other damages as may be allowed by law and demands a trial by jury of all issues so triable.

## COUNT VIII
## VICARIOUS LIABILITY (Apparent Agency)

132.    Plaintiff restates all of the preceding allegations as if fully restated herein.

133.    At all times material to the allegations and claims in this Complaint, Defendant Century Arms, has held out Defendant Century International, as its subsidiary and/or as one of its affiliated entities and as its apparent agent in several ways:

21

a. the subject firearm was imported by Century Arms, Inc., and sold or distributed throughout the United States exclusively by Century International;

b. Anna Sucher, an executive of Century Arms, Inc. for thirty years, has declared the following under penalty of perjury: "Century Arms, Inc. imports firearms, including Canik pistols, which are then sold in the United States by Century International Arms, Inc." (Ex. 4 – Declaration of Anna Sucher, at ¶ 6).

134.    At all times material hereto, the facts outlined above were intentionally and/or negligently made to the Plaintiff and the general public.

135.    As a result of the numerous and pervasive facts outlined above, Plaintiff had a reasonable belief that Defendant Century International had the authority to operate on behalf of, and for the benefit of, Defendant Century Arms.

136.    As a further result of the numerous and pervasive facts of agency outlined above, Plaintiff had a reasonable belief that Defendant Century Arms exercised and/or retained the right to exercise extensive and continuous control over Defendant Century International.

137.    As discussed *supra*, Defendants breached the duty of care to Plaintiff in one or more of the following ways:

a. failing to use and apply good, safe, usual, prevailing, and reasonable principles and standards in importing, testing, inspecting, marketing, distributing, and/or selling Mr. Hill's Pistol;

b. failing to take adequate corrective action or preventive action;

c. failing to create and provide clear operational and safety instructions, manuals, warnings, and literature;

d. failing to warn Mr. Hill and the public of the Defect;

e. failing to warn Mr. Hill and the public that these Defendants did not inspect or test the pistols before the pistols were distributed; and

f. failing to warn of all the above.

22

138.    As a direct and proximate result of the aforementioned acts or omissions of Defendants, Louis Edward Hill was catastrophically injured.

139.    Because of the numerous and pervasive facts of agency outlined above, Defendant Century Arms is vicariously liable for all injuries, damages, and losses that resulted from the aforementioned acts or omissions of Defendant Century International.

140.    As a direct and proximate result of the Defendants' conduct described herein, Plaintiff has suffered harm therefrom, including harm and injuries, physical and mental pain and suffering, medical bills associated with the injuries sustained, lost wages, and all other damages allowable under Tennessee law.

141.    Therefore, Plaintiff requests that this Court enter judgment against Defendants for damages, plus costs, such interest and any other damages as may be allowed by law and demands a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

142.    Plaintiff restates all of the preceding allegations as if fully restated herein.

143.    Plaintiff alleges that the conduct of Defendants Century Arms, Inc., and Century International Arms, Inc., as described in the caption of this Complaint, combined and concurred to cause the catastrophic injuries of Louis Edward Hill.

144.    On his foregoing causes of action, Plaintiff therefore respectfully prays that the Court grant him the following relief:

a.    Judgment against Defendants Century Arms, Inc., and Century International Arms, Inc.;

b.    Compensatory damages in an amount that a jury may deem mete, just, and proper;

23

c.       Economic damages in an amount that a jury may deem mete, just, and proper;

d.       Non-economic damages in an amount that a jury may deem mete, just, and proper;

e.       Punitive damages in an amount that a jury may deem mete, just, and proper;

f.       Any and all other damages allowable by law in the amount that a jury may deem mete, just, and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all claims so triable.

Dated:  January 26, 2021                    Respectfully submitted,

/s/ *Ashley Harrison Shudan*
Ashley Harrison Shudan (TN BPR # 027536)
**Stotler Hayes Group, LLC**
10517 Ocean Highway, Unit 4-27
Pawleys Island, South Carolina 29585
T:       865-216-6181
F:       888-497-7390
E:       ashudan@stotlerhayes.com

M. Todd Wheeles (*motion pro hac vice to be filed*)
Matthew G. Garmon (*motion pro hac vice to be filed*)
**MORRIS HAYNES**
3500 Colonnade Parkway, Suite 100
Birmingham, Alabama 35243
T:       (205) 324-4008
F:       (205) 324-0803
E:       mgarmon@mhhlaw.net

*Attorney for the Plaintiff*